1 | KAREN P. HEWITT
United States Attorney
2 | AARON B. CLARK
Assistant U.S. Attorney
3 | California State Bar No. 239764
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
6 |
7 | Attorneys for Plaintiff
United States of America

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,        )   Criminal Case No. 08CR0091-WQH
                                     )
11 |                     Plaintiff,  )   DATE:        March 17, 2008
                                     )   TIME:          2:00 p.m.
12 |          v.                     )   Before Honorable William Q. Hayes
                                     )
13 | ALEJANDRO AMEZCUA-MANZO (1),    )   UNITED STATES' RESPONSE TO
                                     )   DEFENDANT'S MOTIONS:
14 |                  Defendant(s).  )
                                     )   (1)    TO COMPEL DISCOVERY;
15 |                                 )   (2)    FOR LEAVE TO FILE FURTHER
                                     )          MOTIONS
16 |                                 )
                                     )   TOGETHER WITH STATEMENT OF
17 |                                 )   FACTS AND MEMORANDUM
                                     )   OF POINTS AND AUTHORITIES
18 | _____   )

19 |

20 |          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its

21 | counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney,

22 | and hereby files its Response to Defendant's Motions in the above-referenced case. Said Response

23 | is based upon the files and records of this case together with the attached statement of facts and

24 | memorandum of points and authorities.

25 | //

26 | //

27 |

28 |

1     DATED: February 29, 2008.

2                         Respectfully submitted,

3                         KAREN P. HEWITT
                           United States Attorney

4

5                         s/ Aaron B. Clark
                         AARON B. CLARK

6                         Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  2

1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                                    )    Criminal Case No. 08CR0298-WQH
     UNITED STATES OF AMERICA,        )
11                                    )    DATE:          March 17, 2008
                          Plaintiff,  )    TIME:          2:00 p.m.
12                                    )    Before Honorable William Q. Hayes
               v.                     )
13                                    )
     ALEJANDRO AMEZCUA-MANZO (1),     )    UNITED STATES' STATEMENT OF
14                                    )    FACTS AND MEMORANDUM OF
                        Defendant(s). )    POINTS AND AUTHORITIES
15   _____)

16                                    I

17                      **STATEMENT OF THE CASE**

18         The Defendant, Alejandro Amezcua-Manzo (hereinafter "Defendant" or "Amezcua") and

19   Delfino Benito-Guitierrez ("Benito") were charged by a grand jury on February 6, 2008 with

20   violating 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens and aiding and

21   abetting.  Both were arraigned on the Indictment on February 7, 2008, and entered pleas of not

22   guilty.

23                                   II

24                       **STATEMENT OF FACTS**

25         On the morning of January 24, 2008, United States Border Patrol Agents ("BP") Hays and

26   Gonzalez were observing traffic near the intersection of Highway 78 and State Roue 2 in Shelter

27

28                                    3

1    Valley, California.  As they were parked they observed a white 1993 Buick Roadmaster traveling

2    north on SR-2, and then turn east on Highway 78.  Just as the vehicle turned east on Highway 78

3    it made a u-turn and returned to SR-2 traveling south.  The maneuver appeared suspicious to the

4    agents, since the location is the site of a sometimes operational Border Patrol checkpoint and it is

5    common for smugglers to scout the area.

6         Approximately five minutes later, Amezcua drove a white Ford F-150 truck past the agents

7    while traveling north on the SR-2, then turning east on Highway 78.  After the truck passed, the

8    Buick again came into agents view, now traveling north on SR-2, then turning east on Highway

9    78.  Agents Hays and Gonzalez relayed this information to Agents Martinez and Ortega.

10        Agents Martinez and Ortega then pulled in behind the Ford truck and followed it east on

11   Highway 78 until it turned north on SR-3 and parked at an empty campground within yards of the

12   intersection.  The agents then walked up to the truck and identified themselves as Border Patrol

13   agents to Amezcua and Benito, and the five others lying down in the open bed of the truck.  Upon

14   questioning, Amezcua noted he was a legal permanent resident.  Benito and the five other people

15   in the bed of the truck admitted to being citizens and nationals of Mexico.  They further stated

16   individually that they had entered and were illegally present in the United States.  Four of the five

17   aliens in the bed of the truck appeared to be teenagers.  Agents then placed Amezcua, Benito, and

18   the five other aliens under arrest.

19        In a post-<u>Miranda</u> statement, Amezcua admitted he picked up and transported the aliens

20   that had been waiting since the previous day.  He stated he had received a call from Benito telling

21   him that the aliens were freezing and needed a ride.  Amezcua admitted that he knew some of the

22   aliens were minors because Benito, while still in Mexicali, Mexico, had phoned Amezcua telling

23   him that he was going to cross into the United States with several people, mostly minors.

24        Benito, in a post-<u>Miranda</u> interview admitted he is a Mexican citizen without documents

25   to be in the United States legally.  He also admitted calling Amezcua for a ride and directing him

26   to the location where Amezcua picked him up, along with the five other aliens.

27

28                                                    4

The material witnesses all generally stated that they are Mexican citizens without documents to be in the United States legally. They each stated they had either made arrangements, or had others make arrangements for them, to be smuggled into the United States. They were to pay, or have others pay on their behalf, between an unknown amount to $1500. They further admitted crossing into the United States on January 22, 2008. Two of the three material witnesses identified Amezcua out of a photo lineup as the driver of the vehicle.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

**1.    The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

a.    The Government Will Comply With Rule 16(a)(1)(D)

To the extent he has a criminal record, Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

b.    The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

1    Reasonable efforts will be made to preserve relevant physical evidence which is in the

2    custody and control of the investigating agency and the prosecution, with the following

3    exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed

4    after 60 days, and vehicles are routinely and periodically sold at auction.  Records of radio

5    transmissions, if they existed, are frequently kept for only a short period of time and may no longer

6    be available.  Counsel should contact the Assistant United States Attorney assigned to the case two

7    weeks before the scheduled trial date and the Assistant will make arrangements with the case agent

8    for counsel to view all evidence within the government's possession.

9                    c.    The Government Will Comply With Rule 16(a)(1)(F)

10    The government will permit Defendant to inspect and copy or photograph any results or

11    reports of physical or mental examinations, and of scientific tests or experiments, or copies

12    thereof, that are within the possession of the government, and by the exercise of due diligence may

13    become known to the attorney for the government and are material to the preparation of the

14    defense or are intended for use by the government as evidence-in-chief at the trial.  Counsel for

15    Defendant should contact the Assistant United States Attorney assigned to the case and the

16    Assistant will make arrangements with the case agent for counsel to view all evidence within the

17    government's possession.

18
                    d.    The Government Will Comply With Its Obligations Under Brady v.
19                          Maryland

20    The government is well aware of and will fully perform its duty under Brady v. Maryland,

21    373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory

22    evidence within its possession that is material to the issue of guilt or punishment.  Defendant,

23    however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

24    the accused, or that pertains to the credibility of the government's case.  As stated in United States

25    v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

26

27

28                                                6

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

e.    Discovery Regarding Government Witnesses

(1)    Agreements.  The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial.  Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1/]  The government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

(2)    Bias or Prejudice.  The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

(3)    Criminal Convictions.  The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction.  The government is not aware that any prospective witness is under criminal investigation.

(4)    Ability to Perceive.  The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

---

[1]    As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice.  If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

(5)    Witness List.  The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required.  See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d  933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses.  See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). Defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him or her.

(6)    Witnesses Not to Be Called.  The government is not required to disclose all evidence it has or to make an accounting to Defendant of the investigative work it has performed.  Moore v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant for discovery concerning any individuals whom the government does not intend to call as witnesses.

(7)    Favorable Statements.  The government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning Defendant which meet the requirements of Brady.

(8)    Review of Personnel Files.  The government has requested or will request a review of the personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material.  The government will request that counsel for the appropriate federal law enforcement agency conduct such review.  United States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

8

to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

(9)    Government Witness Statements. Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

f.    The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. United States v.

9

1   Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932,

2   936-938 (9th Cir. 1981).

3                    g.    All Investigatory Notes and Arrest Reports

4          The government objects to any request for production of all arrest reports, investigator's

5   notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such

6   reports, except to the extent that they include Brady material or the statements of Defendant, are

7   protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in

8   connection with the investigation or prosecution of the case."

9          Although agents' reports may have already been produced to the defense, the government

10  is not required to produce such reports, except to the extent they contain Brady or other such

11  material.  Furthermore, the government is not required to disclose all evidence it has or to render

12  an accounting to Defendant of the investigative work it has performed.  Moore v. Illinois,

13  408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

14                   h.    Expert Witnesses.

15         Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial

16  memorandum, the government will provide the defense with notice of any expert witnesses the

17  testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of

18  Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the

19  reasons therefor, and the witnesses' qualifications.  Reciprocally, the government requests that the

20  defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

21                   i.    Information Which May Result in Lower Sentence.

22         Defendant has claimed or may claim that the government must disclose information about

23  any cooperation or any attempted cooperation with the government as well as any other

24  information affecting Defendant's sentencing guidelines because such information is discoverable

25  under Brady v. Maryland.  The government respectfully contends that it has no such disclosure

26  obligations under Brady.

27

28                                              10

1    The government is not obliged under <u>Brady</u> to furnish a defendant with information which

2    he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>,

3    479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).  <u>Brady</u> is a rule

4    of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to Defendant.

5        Assuming that Defendant did not already possess the information about factors which

6    might affect their respective guideline range, the government would not be required to provide

7    information bearing on Defendant's mitigation of punishment until after Defendant's conviction

8    or plea of guilty and prior to his sentencing date.  "No [<u>Brady</u>] violation occurs if the evidence is

9    disclosed to the defendant at a time when the disclosure remains of value."  <u>United States v.</u>

10   <u>Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

11   **B.    <u>NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS</u>**

12       The United States does not object to the granting of leave to allow Defendant to file further

13   motions, as long as the order applies equally to both parties and additional motions are based on

14   newly discovered evidence or discovery provided by the United States subsequent to the instant

15   motion at issue.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27

28                                  11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV

### <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that Defendant's motions, except where not opposed, be denied.


DATED: February 29, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff

v.

ALEJANDRO AMEZCUA-MANZO (1),

Defendant(s).

Case No. 08CR0298-WQH

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

     I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action.  I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.  Gregory Murphy, Federal Defenders of San Diego

    2.  Marc X. Carlos

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008.

                               s/ Aaron B. Clark
                               AARON B. CLARK