| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | AARON B. CLARK |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
|   | Email: aaron.clark@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0091-WQH |
| | ) | |
| Plaintiff, | ) | DATE:  March 17, 2008 |
| | ) | TIME:  2:00 p.m. |
| v. | ) | Before Honorable William Q. Hayes |
| | ) | |
| ALEJANDRO AMEZCUA-MANZO, and | ) | UNITED STATES' MOTIONS FOR: |
| DELFINO BENITO-GUTIERREZ, | ) | |
| | ) | (1)  RECIPROCAL DISCOVERY; |
| Defendant(s). | ) | (2)  LEAVE TO FILE FURTHER |
| | ) | MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF |
| | ) | FACTS AND MEMORANDUM |
| | ) | OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

1   DATED: February 29, 2008.

2                                         Respectfully submitted,

3                                         KAREN P. HEWITT
                                          United States Attorney
4

5                                         s/ Aaron B. Clark
                                          AARON B. CLARK
6                                         Assistant United States Attorney

2

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO AMEZCUA-MANZO, and <br> DELFINO BENITO-GUTIERREZ, <br><br> Defendant(s). | Criminal Case No. 08CR0298-WQH <br><br> DATE:  March 17, 2008 <br> TIME:  2:00 p.m. <br> Before Honorable William Q. Hayes <br><br> UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Delfino Benito-Guiterrez (hereinafter "Defendant" or "Benito") and Alejandro Amezcua-Manzo ("Amezcua") were charged by a grand jury on February 6, 2008 with violating 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens and aiding and abetting. Both were arraigned on the Indictment on February 7, 2008, and entered pleas of not guilty.

**II**

**STATEMENT OF FACTS**

On the morning of January 24, 2008, United States Border Patrol Agents ("BP") Hays and Gonzalez were observing traffic near the intersection of Highway 78 and State Roue 2 in Shelter

1   Valley, California. As they were parked they observed a white 1993 Buick Roadmaster traveling
2   north on SR-2, and then turn east on Highway 78. Just as the vehicle turned east on Highway 78
3   it made a u-turn and returned to SR-2 traveling south. The maneuver appeared suspicious to the
4   agents, since the location is the site of a sometimes operational Border Patrol checkpoint and it is
5   common for smugglers to scout the area.

6   Approximately five minutes later, Amezcua drove a white Ford F-150 truck past the agents
7   while traveling north on the SR-2, then turning east on Highway 78. After the truck passed, the
8   Buick again came into agents view, now traveling north on SR-2, then turning east on Highway
9   78. Agents Hays and Gonzalez relayed this information to Agents Martinez and Ortega.

10  Agents Martinez and Ortega then pulled in behind the Ford truck and followed it east on
11  Highway 78 until it turned north on SR-3 and parked at an empty campground within yards of the
12  intersection. The agents then walked up to the truck and identified themselves as Border Patrol
13  agents to Amezcua and Benito, and the five others lying down in the open bed of the truck. Upon
14  questioning, Amezcua noted he was a legal permanent resident. Benito and the five other people
15  in the bed of the truck admitted to being citizens and nationals of Mexico. They further stated
16  individually that they had entered and were illegally present in the United States. Four of the five
17  aliens in the bed of the truck appeared to be teenagers. Agents then placed Amezcua, Benito, and
18  the five other aliens under arrest.

19  In a post-<u>Miranda</u> statement, Amezcua admitted he picked up and transported the aliens
20  that had been waiting since the previous day. He stated he had received a call from Benito telling
21  him that the aliens were freezing and needed a ride. Amezcua admitted that he knew some of the
22  aliens were minors because Benito, while still in Mexicali, Mexico, had phoned Amezcua telling
23  him that he was going to cross into the United States with several people, mostly minors.

24  Benito, in a post-<u>Miranda</u> interview admitted he is a Mexican citizen without documents
25  to be in the United States legally. He also admitted calling Amezcua for a ride and directing him
26  to the location where Amezcua picked him up, along with the five other aliens.

27
28                                                           4

The material witnesses all generally stated that they are Mexican citizens without documents to be in the United States legally. They each stated they had either made arrangements, or had others make arrangements for them, to be smuggled into the United States. They were to pay, or have others pay on their behalf, between an unknown amount to $1500. They further admitted crossing into the United States on January 22, 2008. Two of the three material witnesses identified Amezcua out of a photo lineup as the driver of the vehicle.

### III

### UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendants. To date Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

1   The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## **LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## V

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's motions.

DATED: February 29, 2008.

                                         Respectfully submitted,

                                         KAREN P. HEWITT
                                         United States Attorney

                                         <u>s/ Aaron B. Clark</u>
                                         AARON B. CLARK
                                         Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ALEJANDRO AMEZCUA-MANZO, and DELFINO BENITO-GUTIERREZ,<br><br>Defendant(s). | Case No. 08CR0298-WQH<br><br>CERTIFICATE OF SERVICE |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gregory Murphy, Federal Defenders of San Diego

2. Marc X. Carlos

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008.

                                              s/ Aaron B. Clark
                                              AARON B. CLARK